JOAQUÍN FERNÁNDEZ VELÁZQUEZ, Plaintiff and Appellee, *v.* PEDRO ORCASITAS MUÑOZ, Defendant and Appellant.

No. 7008. Argued April 23, 1936.—Decided April 15, 1937.

*González Fagundo & González, Jr.,* for appellant. *R. Cintrón Lastra* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant appealed to the district court from a judgment, rendered at his request, in a municipal court after it had overruled a demurrer for want of facts sufficient to constitute a cause of action. The district judge also overruled the demurrer. Defendant asked leave to file an answer. This request was refused. Defendant then moved under sections 139 and 140 of the Code of Civil Procedure for time within which to amend. The district judge overruled this motion and rendered judgment for plaintiff.

A trial in the district court on appeal from a municipal court is *de novo.* We are inclined to agree with appellant that he did not lose his right to answer by requesting a judgment on the pleadings in the municipal court. The district court should have proceeded just as it would have proceeded in an action properly commenced in the district court. *Carreras* v. *District Court,* 48 P.R.R. 947; *González* v. *Malgor, Luiña & Co.,* 29 P.R.R. 97; *Matos* v. *Ortiz,* 19 P.R.R. 74; *Fradera* v. *Morales,* 19 P.R.R. 1064; *Gelabert Hnos.* v. *Córdova,* 17 P.R.R. 1153; *Hernández* v. *District Court,* 17 P.R.R. 430.

The question is whether a refusal to permit the filing of an answer upon timely request after the overruling of the demurrer is reversible error. The granting or refusal of such a request is a matter largely within the discretion of the trial court. The rule is that leave to answer should be granted upon such terms as the court may deem just unless it appears that the demurrer was clearly frivolous. *Morales* v. *Torres,* 49 P.R.R. 227. This brings us to the question as to whether the demurrer was clearly frivolous.

The action was to establish a right of homestead. The property had been advertised for sale in a summary fore-closure proceeding but had not been sold. The theory of the demurrer was that the action was premature. The case of *Veve* v. *Keith,* 49 P.R.R. 178, had not been decided at the time of the ruling in the instant case. It may be conceded that the municipal court and the district court were right in over-ruling the demurrer. It does not follow that the demurrer was frivolous. Apparently it was interposed in good faith, not merely as a dilatory measure. Our conclusion is that defendant should have been permitted to file his answer.

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.